**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **DKT. No. CR 05-0073-OIT**

**VIRGILIO JIMENEZ, a/k/a Moises Reyes**

**MOTION UNDER 28 USC SECTION 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON <u>IN FEDERAL CUSTODY</u>**

Now comes Defendant by and through counsel and moves this Honorable Court to vacate, set aside or correct sentence imposed by this Honorable Court on or about March 23, 2006. A memorandum in support of the same is heretofore attached.

Respectfully submitted,
By His Attorney,

Martin D. Harris, Esq. #3167
132 Dorrance Street
Providence, RI 02903
(401) 273-4990

**The Defendant requests a hearing in this matter.**

**CERTIFICATION**

I , the undersigned, do hereby certify that on the 30th day of June, 2006, I caused to be mailed a true copy of the within to Attorney Stephanie Brown, Office of the U.S. Attorney General, 50 Kennedy Plaza 8th floor, Providence, RI 02903 and Probation Officer Heather McLaughlin, United States Probation, 2 Exchange Terrace, 3rd Floor, Providence, RI 02903.

____________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **DKT. No. CR 05-0073-OIT**

**VIRGILIO JIMENEZ, a/k/a Moises Reyes**

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT DEFENDANT'S SENTENCE**

Defendant Jimenez pled guilty to one count of possession with intent to distribute five (5) grams or more of cocaine base. He pled to said offense on September 20, 2005. See presentence report (hereinafter referred to as PSR) attached hereto and referenced herein as **Exhibit 1**.

As a sentence, defendant was committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of two hundred ninety-two (292) months. See **Exhibit 2** attached hereto. The sentence date was March 23, 2006.

Subsequent thereto, Defendant timely filed an appeal which is currently pending at the First Circuit. Defendant has a brief due at the First Circuit Court of Appeals by or before July 20, 2006. See **Exhibit 3**. **Defendant, simultaneous with the instant motion, is moving for stay of said appeal pending decision by this Honorable Court of the instant motion.**

The Defendant by way of the instant motion seeks to challenge, vacate or otherwise make request unto this Honorable Court to reduce the sentence imposed. As grounds Defendant avers that his classification as a career offender and calculated

sentence is in violation of the Constitution; laws of the United States and the **United States Sentencing Guidelines**.

As per the **PSR** at paragraph 17, Mr. Jimenez had a base level offense of thirty (30). There is no objection by the Defendant to that score.

However, the classification of the Defendant as a career offender at paragraph 24 is believed to be **erroneous**. The PSR at paragraph 24 states, inter alia, that "**the Defendant has at least two prior felony convictions of... controlled substance offense. In this case, the defendant has two qualifying prior offenses, outlined hereinafter in the criminal history section of the pre-sentence report as (14421-91) and (3726-92).** Since he meets the guideline definition of a career offender, as under §4(b)1.1(b)(A), his statutory maximum is life, **the offense level is established at thirty-seven.**" It is to this specific paragraph of the PSR that the Defendant now seeks to vacate, modify, set aside or otherwise have this Court consider a reduction in sentence.

In support and as authority, Mr. Jimenez cites the recent pronouncement of **Jeffrey Salinas v. United States**, 547 U.S.___2006 (No. 05-8400). A copy of the decision is attached hereto. *This Decision was issued approximately one month later on April 24, 2006.* See **Exhibit 4**.

The issue addressed by the Fifth Circuit in the case involving Mr. Salinas was whether the petitioner's prior conviction for simple possession of a controlled substance constituted a controlled substance offense for purposes of United States Sentencing Guideline commission, guideline manual §4(b)1.1(a) 2003. Our U.S. Supreme Court stated, and I quote:

> **The term controlled substance offense is defined in pertinent part, however, as an offense under Federal or State law that prohibits the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute or dispense §4(b)1.2(b). Accordingly, the Fifth Circuit erred in treating Petitioner's conviction for simple possession as a controlled substance offense.**

In the case at bar, a review of Mr. Jimenez's criminal history as reflected at paragraph 28 is **critical**. Paragraphs 28 and 30 of the PSR reflect that Mr. Jimenez was sentenced to one (1) to three (3) years imprisonment for conviction of criminal **possession of a controlled substance in the third and fourth degree, New York County Supreme Court, New York, New York.** See copy of New York Criminal Statute attached hereto as **Exhibit 5**.

The PSR goes on to state at paragraph 30 that the file for said case was requested but it was not returned from the archives….**unable to obtain any documentation for this arrest**. Said conviction reflected at paragraph 30 **is not believed to have been utilized by the Probation Department to establish Jiminez as a career offender**. Both paragraphs 28 and 29 were utilized to establish Jiminez as a career offender. In point of fact, the PSR goes on to note that these were the offenses used to qualify the Defendant as a career offender.

Worth noting is that the PSR reflects at paragraph 29 that the **record of arrest for Defendant Jiminez could not be retrieved**. Nonetheless, said conviction (sale) **was used to qualify Defendant Jiminez** as a career offender.

**The *Salinas* per curium opinion by our US Supreme Court on this issue appears to be instructive and on all fours.** See also U.S. Sentencing Guideline provision §4 (b)1.2(b) attached as **Exhibit 6.**

At the present time, Defendant, upon information, is housed in the State of New York and currently serving out the sentence previously imposed by this Honorable Court in March of 2006.

WHEREFORE and for the aforementioned reasons, Defendant Jimenez respectfully requests an order as follows:

1. That a habeas corpus issue to bring the Defendant from the State of New York to appear before this Honorable Court **for hearing** on the granting or denying of the instant motion.

2. That the instant motion be granted and defendant's sentence be recalculated for purposes of a sentence in compliance with the United States Sentencing Commission Guidelines; US Constitution and laws of the United States.

3. For any and all other further relief that this Honorable Court may deem just and proper.

Respectfully submitted,
By His Attorney,

Martin D. Harris, Esq. #3167
132 Dorrance Street
Providence, RI 02903
(401) 273-4990

**CERTIFICATION**

I , the undersigned, do hereby certify that on the 30th day of June 2006, I caused to be mailed a true copy of the within to Attorney Stephanie Brown, Office of the U.S. Attorney General, 50 Kennedy Plaza 8th floor, Providence, RI 02903 and Probation Officer Heather McLaughlin, United States Probation, 2 Exchange Terrace, 3rd Floor, Providence, RI 02903.