UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Docket No. 05-~~0073~~-011
06 - 301

VIRGILIO JIMINEZ

**DEFENDANT'S MEMORANDUM OF LAW TO SHOW CAUSE WHY HIS MOTION SHOULD NOT BE DISMISSED**

## I. INTRODUCTION

Pursuant to an Order of this Honorable Court, Defendant comes now to Show Cause why his Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. §2255 and Stay of Appeal should not be dismissed without prejudice.

## II. BACKGROUND

By way of background, Mr. Jiminez was indicted by the grand jury on June 15, 2005 for one count of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B). Following an appearance before United States Magistrate Judge Almond for arraignment, Mr. Jiminez entered a not guilty plea. On September 20, 2005, he appeared before United States District Court Chief Judge Torres for a change of plea hearing and pled guilty to a single count of the indictment. In imposing a sentence, the Court applied the Federal Sentencing Guidelines, specifically invoking the Career Offender Provision of §4B1.1.

In looking at the language of the statute, specifically that of §4B1.2(b), there is clearly a misinterpretation of the definition of "Controlled Substance Offense" in application to Mr. Jiminez's sentence. Thus, an unlawful enhancement of his sentence has occurred. The statute provides, in pertinent part:

> (b) the term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, expert, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, expert, distribute or dispense.

In fashioning a sentence for this Defendant, the Court looked to his previous convictions for drug related offenses. Defendant refers the court to his Presentencing Report which illustrates that Defendant's criminal history includes prior contacts with the criminal justice system for drug possession offenses. However, out of three documented contacts with the criminal justice system, only one is a documented conviction. This conviction was in 1991, when the defendant was a very young man, and was for Criminal Possession of a Controlled Substance in the Third Degree. The other contacts indicate that this Defendant was arrested and charged with Criminal Sale of a Controlled Substance and Criminal Possession of a Controlled Substance. However, no documentation of convictions could be obtained for either of these charges. Unfortunately, however, all of the contacts were used to fashion a sentence for Mr. Jimimez, and invoking the "Career Offender Provision" cited above.

Defendant comes now to Show Cause why his §2255 Motion should not be Dismissed, and his appeal should be stayed.

## ARGUMENT

### I. Although What Constitutes Good Cause is Left to the Substantial Discretion of the District Judge, the Facts of this Matter Should Permit Defendant to Pursue his Motion to Vacate, Set Aside or Correct His Sentence.

Defendant has been ordered by this Honorable Court to show good cause why his Motion to Vacate, Set Aside or Correct His Sentence should not be dismissed, without prejudice.

It is well settled in this jurisdiction that what constitutes good cause is left to the substantial discretion of the district judge. Brenner v. City of Woonsocket, 1993 U.S. Dist. LEXIS 16764; 26 Fed. R. Serv. 3d (Callaghan) 686; See United States v. Ayer, 857 F.2d 881 [12 Fed. R. Serv. 3d (Callaghan) 612] (1st Cir. 1988). Such a determination, by its nature, is fact-specific. Id. As such, Defendant prays that his Motion be Allowed.

### II. This Honorable Court Should Grant Defendant's §2255 Motion because the Sentence Imposed Involved a Violation of the Laws of the United States

Defendant's §2255 Motion should be granted because the sentence is in excess of the maximum authorized by law. Title 28 U.S.C. §2255 provides, in pertinent part:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Defendant argues that the application of the Career Offender Provision to his sentencing calculation violates the laws of the United States.

In a recent per curiam opinion of the United States Supreme Court, Salinas v. United States, 547 U.S. ______ (2006), a similar situation in sentencing occurred and was vacated.

In Salinas, a defendant was sentenced for simple possession of a controlled substance. The Fifth Circuit concluded that defendant / petitioner's prior conviction for simple possession of a controlled substance constituted a "controlled substance offense" for purposes of the United States Sentencing Commission, Guidelines Manual §4B1.1(a) (2003). The term "controlled substance offense," is defined, in pertinent part, however, as "an offense under the federal or state law . . . that prohibits . . . the possession of a controlled substance (or counterfeit substance) **with intent to manufacture, import, export, distribute or dispense."** §4B1.2(b) (emphasis added). The United States Supreme Court unanimously held that the Fifth Circuit erred in treating petitioner's conviction for simple possession as a "controlled substances offense." The Solicitor General, in his Brief in Opposition, also acknowledged that the Fifth Circuit incorrectly ruled for the United States on that ground. As such, the judgment was vacated.

Accordingly, the judgment in this matter should be vacated. As mentioned above, and in argument at sentencing, Defendant's only previous documented conviction is for simple possession. His other contacts with the criminal justice system cannot be documented, and fairness dictates that they should not be applied to sentencing. As such, Defendant's sentence should never have been calculated using the Career Offender Provision.

Thus, this Defendant respectfully requests that in light of Salinas, his Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody be Granted and his appeal be stayed.

**III. The Interests of Justice Will be Served by Granting Defendant's Motion to Vacate his Sentence**

As discussed above, Defendant argues that an excessively long sentence has been imposed in light of his prior contacts with the criminal justice system. Thus, the sentence that has been imposed is clearly in violation of the law and unconstitutional. By imposing a sentence based upon contacts with the criminal justice system that cannot be documented, Mr. Jiminez's right to due process has been violated. As such, his Motion to Vacate, Set Aside or Correct his sentence should be granted.

Moreover, placing this matter on hold during the pendency of a First Circuit appeal does not serve the interest of justice nor would it result in the most efficient use of judicial resources. However, if this Honorable Court denies Defendant's Motion to Vacate pursuant to §2255, the issue will be consolidated with the pending appeal, so as to avoid any further delay.

WHEREFORE, Defendant Respectfully requests that his instant Motion be Granted.

Defendant,
Virgilio Jiminez,
By His Attorney,

Martin D. Harris, Esquire
132 Dorrance Street
Providence, Rhode Island 02903
(401) 273-4990
(401) 454-1416

**CERTIFICATION**

I hereby certify that on the __1[illegible]__ day of August, 2006, that I caused a true copy of the within to be served upon Assistant United States Attorney Stephanie Brown, United States Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903.

______________________